The plaintiff instituted an action against the defendant in the Superior Court of FORSYTH, demanding payment of $1,100, and at the same time filed the following affidavit in support of an allegation in his *Page 241 
complaint: "That in April or May, 1876, the defendant sold to plaintiff a certain patent, known as `Donaldson's Inhaler,' for which this affiant paid from time to time the sum of about $1,100; that this affiant made the purchase upon the representations of defendant that the said patent was genuine and no infringement on any patent heretofore obtained, which representations caused the plaintiff to make the purchase; that said representations were false, and, as this affiant is informed and believes, were knowingly false at the time they were made, and intend to defraud plaintiff and induce him to buy; that by reason of said patent being an infringement on a patent previously granted, it was worthless to the plaintiff, he not being allowed to deal in the same without subjecting himself to an action for damages by the prior patentee; that by reason of said false and fradulent representations the plaintiff has been damaged to the amount of $1,000; and that the defendant is not a (326) resident of this State, but claims to be a citizen of Baltimore."
Upon this affidavit the clerk of the Superior Court of Forsyth County ordered the arrest of the defendant, who insisted at the hearing of this motion (1) that the controversy was on arising under the patent laws of the United States, and as such the State courts had no jurisdiction; (2) that he was acting as agent of his father and sold said "Inhaler" as an improved instrument and not as an original invention, and that plaintiff bought with a knowledge of this fact, and (3) that no fraud was practiced on plaintiff, and that there was no evidence of an infringement on any other patent. His Honor after argument refused the motion, and the defendant appealed.
Upon reading the affidavits filed with the complaint, We are satisfied that there was probable cause to support the allegation that the contract was obtained by means of false and fradulent representations. We concur with his Honor in the conclusion that the motion to vacate the order of arrest ought not to be granted.
PER CURIAM. Affirmed. *Page 242 
(327)